The sheriff, Charles Williamson, not having complied witli the decree of the court, by paying over the money in bis bands, and having left the state, and a return of nulla bona having been made to the execution, which was issued, the complainant in this cause applied to the Circuit Court, for leave to mako the securities to the sheriff ’s bond, parties to the suit. Judge James, who then presided, gave the leave required, and the securities were made parties defendants to the suit.'
*348 These defendants demurred, on the ground, that the complainant had plain and adequate remedy at law on the sheriff’s bond, against him and his securities; and on the ground, that the complainant came too late, after a de„ cree, to seek to make new parties to his bill.
The demurrer was argued before judge Besaussure, who delivered the following decree:
Most of the points in this case have been disposed of in a former decree. The question now is on a demurrer. In the former decree it was ordered, that Charles Williamson, one of the defendants, who had been sheriff of Kich-land district, should pay over the nett balance remaining In his hands from the sale of the landof the estate of Maj. Wise to the commissioner of this court, to be held by him, subject to the future order and direction of this court: the balance remaining in bis hands, being §52,150. That decree has not been complied with,¡¡(though ñ fa was issued, and nulla bona returned by the sheriff) Williamson having left the state. The complainant in order to get at the securities, asked leave of the Circuit Court, subsequent to the decree (and return of nulla bona) to amend his bill by making the securities of the sheriff in his bond, parties to the suit. The, judge who presided here in February last, gave the permission requested, and the securities were made defendants. They have demurred and have assigned for cause of demurrer, that the complainant, if he has any cause against them, has a plain and adequate remedy at law. The demurrer had been argued, and the defendant’s counsel insisted on the irregularity and incongruity of amending a hill to make new parties defendants after a decree against the original parties, the amendment stating that very decree as a ground of providing against the new defendants, and also that the regular and legal remedy for the complainant was by suit at law, on the bond given by the securities for the sheriff’s faithful execution of his office. And the counsel relied on a case decided in Camden, and affirmed by the Court of Appeals as decisive of this question. lie stated it to have been as follows: “it was a b ill filed by Hoel and wife, administrators of W. Bond *349 vs. Clark, administrator of Carpenter, who had been administrator ofBond; and against Blanchard, security of Carpenter, in the administration bond he gave to the Ordinary for the estate of Bond. In that ease, the Circuit Court made the administrator of Carpenter account for the money received by him as administrator, but the court sustained the demurrer filed on the part of Blanchard, the security, because there was plain and adequate remedy at law by suit on the administration bond.” Ido not feel itin-cumbent on me to give a decided opinion on the first ground of objection. If the defendant had been dissatisfied with the order of the circuit judge authorizing the amendment, he should have appealed from it; and if it was not a proper subject of appeal, as being a mere interlocutory order, I should not reverse that order now, without very decisive reasons for it. The court has gone great lengths in permitting amendments to prevent the necessity of new suits In some cases, even after hearing a cause, the court has given leave to file a supplemental bill, to bring some matters before the court, which appeared to be necessary to a complete decree. 3 Atk. 133. And where the amendment necessary is merely the addition of parties, the court has usually made orders for the cause to stand over, with liberty to the plaintiff to amend the bill by adding proper parties. 2Bro. P. C. 194. Cooper’s Pleadings, 344, 5. I do not find however, that the court over went so far as to allow the addition of parties after a full decree. I will however leave this question as I found it decided, as it does not affect the question of the demurrer, with a request that the point be carried up with the decision on the demurrer, if that should be appealed from. On the demurrer, I should perhaps have hesitated, especially as here the hill is against the administrators of the securities in the administration bond, to oblige them to account, and would certainly save circuity of actions,- but the case cited as decided at Camden and affirmed by the Court of Appeals, seems to be applicable and conclusive. Let the demurrer be sustained.
From this decree, the complainant appealed on the -following grounds :■
CJ. Clifton, for appellants.
First, — The case of Hoel and wife was governed by the act which saves securities from all suits until nulla bona or fi fa against sheriff is returned, which was not done in tiiat case, and which was clone in this case.
Second, — Because Williamson was in contempt of the decree anil process of this court, holding money for which creditors were waiting at the threshold of this court, and among whom it was the duty of this court to cause the money to he paid ; and in fact, the court by its decree had appropriated a part of the money ascertained to be in the hands of said Williamson.
Third,' — Because, with this decree standing, it is impossible to re-cover at law on the sheriff’s bond.
The appeal eras heard by the court, present Chancellors Desaussure, Watics, James and Thompson, and the court affirmed the decree of the Circuit Court.